IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-27-BO

JAMES MULLEN,                              )
                                           )
                Plaintiff,                 )
                                           )
        v.                                 )            O R D E R
                                           )
NANCY A. BERRYHILL,                        )
*Acting Commissioner of Social Security*,  )
                                           )
                Defendant.                 )

This cause comes before the Court on cross-motions for judgment on the pleadings. A

hearing was held on these matters before the undersigned on July 24, 2017, in Raleigh, North

Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the

final decision of the Commissioner denying his claim for disability and disability insurance

benefits ("DIB") pursuant to Title II of the Social Security Act. Plaintiff protectively filed his

application on March 15, 2013, with amended alleged disability onset date beginning September

18, 2008. After initial denials, a hearing was held before an Administrative Law Judge ("ALJ")

who issued an unfavorable ruling. The decision of the ALJ became the final decision of the

Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then

timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's degenerative disc disease of the lumbar and cervical spine and muscle cramping were considered severe impairments at step two, but were not found alone or in combination to meet or equal a listing at step three. The ALJ concluded that plaintiff had the RFC to perform sedentary work with additional exertional limitations. The ALJ then found that plaintiff was unable to return to his past relevant work but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that plaintiff could perform such as dowel inspector, fabric cutter and assembly press operator. Thus, the ALJ determined that plaintiff was not disabled under the Act.

An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p. If an opinion from a treating source is well-supported by and consistent with the objective medical evidence in the record, it may be entitled to controlling weight. 20 C.F.R. §§ 404.1527(c), 416.927(c). Where an opinion is inconsistent with other evidence in the record, the ALJ need not give that opinion any significant weight. *Id.*; *see also Craig v. Chater*, 76 F.3d at 585, 590 (4th Cir. 1996) ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."). However, ALJ's decision to do so must be accompanied by "a narrative discussion" that discusses "how the evidence supports each conclusion," such that the ALJ's decision is sufficiently specific to make it clear to a reviewing district court "why the opinion was not adopted." *See* SSR 96-8p. Though an ALJ is entitled to resolve inconsistencies between examining medical opinions, SSR 96-8p, 1996 WL 374184, at \*7, the ALJ's decision must be supported by substantial evidence, and must adequately address the opinions of treating and consulting physicians and properly explain deviancies between her opinion and the record evidence.

The ALJ's decision in this instance is not supported by substantial evidence. The ALJ found plaintiff capable of sedentary work, except that he is limited to occasional postural activities and only occasional flexion, extension and rotation of the neck. This conclusion is not

supported by the record, because the ALJ improperly discounted the evidence of plaintiff's

psychiatric impairments and improperly evaluated the effects of plaintiff's pain and difficulties

with social functioning on his ability to perform work related activities.

First, the ALJ improperly weighed the VA disability determination. The VA found

plaintiff 100% disabled due to his major depressive disorder with psychotic features within the

relevant timeframe. Tr. at 240. The VA also assigned several other ratings for his physical

impairments. Tr. at 240–41. However, the ALJ gave little weight to the VA disability rating for

plaintiff's mental disorders, stating that the VA rating "differs significantly from the

undersigned's obligation to consider all impairments, regardless of origin and to address with

functional specificity how the claimant's vocational capacities are affected," and also stating that

the VA decision failed to explain the basis upon which the percentages were assigned. Tr. at 26.

For these reasons, the ALJ gave the VA rating of complete disability only "some credibility as a

general indicator of the severity of any particular impairment." *Id.* Although not binding on the

Commissioner, disability decisions by other governmental agencies "cannot be ignored and must

be considered" in making a disability determination. S.S.R. 06-03p, 2006 WL 2329939, at *6

(Aug. 9, 2006). Additionally, the Fourth Circuit has held that "in making a disability

determination, the SSA must give substantial weight to a VA disability rating." *Bird v.*

*Commissioner*, 699 F.3d 337, 343 (4th Cir. 2012). Only where the ALJ points to clear reasons

for deviation can the ALJ give less weight to a VA rating. *Id.* The ALJ did not do so here, and

his disregard of the rating was therefore in error.

First, the ALJ failed to make clear what portions he found credible or not credible and

why, frustrating meaningful review. Further, "simply noting the fact that the VA and SSA

employ different standards, in and of itself, is insufficient to justify deviation under Bird."

*Pridgen v. Colvin*, 4:15-CV-95-F, 2016 WL 4047058, at *3–4 (E.D.N.C. Jun. 30, 2016) (adopted Jul. 27, 2016). Simply noting that the VA and SSA employ different standards is insufficient to justify a decision to not afford the rating substantial weight and does not explain why or how the rating is not supported by the record evidence. Essentially, the ALJ failed to adequately explain his deviation from the normal weight given to a government agency determination of disability or why he believed the record evidence did not support the rating.

Further, the ALJ did not develop the record and procure the more detailed explanation of the rating, despite referring to that rating and explanation in his opinion. "[T]he ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). Here, without reviewing the determination, the ALJ had an insufficient basis for assigning it little weight, nor could the ALJ determine that deviation therefrom was appropriate. Accordingly, the Court finds that it was in error for the ALJ not to review the VA disability determination. *See Dixon v. Colvin*, 7:15-CV-221-BO, 2016 WL 3080795, at *2 (E.D.N.C. May 31, 2016).

Finally, the record evidence does not support a deviation from the VA rating of complete disability based solely on plaintiff's mental impairments. The ALJ made this determination only after disregarding the other evidence in the record supporting the rating. However, as discussed below, this evidence which was discounted—primarily the medical opinion of Dr. Myers and plaintiff's own testimony—was entitled to more weight than that given by the ALJ and therefore the VA rating was supported by the record evidence.

In reviewing the ALJ's opinion, it appears that the ALJ disregarded or gave little weight to every medical opinion, except for perhaps that of Dr. Pollack, a medical expert who testified

at the hearing. However, Dr. Pollack is a neurologist and not qualified to give medical opinions in the field of psychiatry. Additionally, the State Agency psychiatric analysists apparently did not have the full scope of Dr. Myers' treatment records, and therefore did not have adequate evidence upon which to form an opinion as to plaintiff's mental functioning. Dr. Myers was therefore the only treating psychiatric specialist on the record, and the only expert on record able to fully opine on plaintiff's mental functioning. However, despite being a treating physician and the only psychiatric expert able to testify from first-hand knowledge or from the full scope of treatment sought by plaintiff, Dr. Myers' opinion was discounted and given "little weight" by the ALJ. Tr. at 26. This was in error.

Dr. Myers opined that plaintiff suffered from moderate to severe impairment in social functioning and suffered from significant deficiencies in concentration, persistence and pace which could prevent him from performing tasks in a timely manner. Additionally, Dr. Myers found that plaintiff had severe impairment in his ability to appropriately work around even coworkers and supervisors and that his ability to maintain activities within a schedule would be severely impaired. Tr. 655–57. The ALJ faulted Dr. Myers for "draw[ing] no connection from her notes to the opined limitations," Tr. at 26, and yet these conclusions she opined are consistent with her treatment notes which explicitly detail difficulties plaintiff reported to Dr. Myers such as continued self-isolation, difficulty interacting with others, difficulty leaving his house, significant depression, frequently losing his temper, crying spells and starting fights due to irritability. Tr. at 663–82. On further examination, Dr. Myers found that plaintiff consistently presented a depressed mood, restricted affect, and irritability and passive suicidal ideation. *Id.* Finally, Dr. Myers noted that plaintiff had only been partially responsive to medication and thus his prognosis was only guarded. Tr. at 658.

Defendant argues that the ALJ properly discounted the opinion of Dr. Myers because there were gaps in her treatment history with plaintiff, because she only filled out a checkbox form, and because a state agency psychiatrist, Dr. Newman, opined that there was insufficient evidence to establish the existence of a severe mental impairment prior to plaintiff's date last insured.

As to the opinion of Dr. Newman, it is strange for defendant to cite this as support for the ALJ's decision to accord Dr. Myers' opinion little weight, because the ALJ stated that Dr. Newman was unable to assess plaintiff's RFC due to "insufficient evidence," Tr. at 25, and apparently gave that opinion little or no weight and never discussed it any further in his RFC analysis opinion. Therefore, that opinion has little value to the RFC analysis and cannot be used to discount the opinion of other treating physicians.

As to the other reasons given for discounting Dr. Myers' opinion, those reasons alone do not support the RFC finding that plaintiff has no limitations arising from his mental disorders. The relevant time period in this case is up to December 31, 2010, therefore, the fact that Dr. Myers was not the doctor treating plaintiff from 2011-12 is of limited relevance. The record shows that Dr. Myers' examined plaintiff a total of 25 times since August of 2006 which is more than enough exposure to form an expert opinion on his mental functioning. Additionally, although Dr. Myers' opinion alone might not be sufficient to sustain a finding of severe mental limitations, the facts that Dr. Myers' opinion was based on long-term treatment, that it was not contradicted by any other medical opinion in the record, and the fact that another independent government agency had found plaintiff completely disabled based on those same mental limitations, all buttress Dr. Myers' opinion and its conclusions should have been incorporated into the ALJ's RFC assessment.

8

Finally, the Court notes that the ALJ also found plaintiff's mental limitations not severe, and thereafter discounted the opinion of Dr. Myers, by concluding that "follow up appointments were two to three month apart. Logic dictates that a severe impairment would require more frequent follow up treatment." Tr. at 21. He also stated that "[t]he claimant alleges that he had anxiety attacks and self-isolated himself. However, he reported that he was able to perform household chores and prepare his own meals." *Id.* Defendant further argues that these conclusions are justified by other record evidence, pointing to a single vacation taken by plaintiff to Disney as evidence that his mental limitations are non-severe. These are unwarranted speculations. Even taking a trip to Disney, Tr. at 734, is not, as defendant argues, inconsistent with his allegation that he experiences anxiety attacks around others and self-isolates as a result. A single vacation does not indicate that plaintiff does not have severe mental limitations, and there is nothing in the record medical evidence to show why or how performing household chores or making meals within one's own home indicates a lack of social functioning deficits. These are each the ALJ's own speculations that were not opined by a medical expert, and the ALJ provided no justification based in record medical evidence for these conclusions except to say that they are "logical" or "common sense." That was in error, and frustrated a full-analysis of plaintiff's mental limitations when making his RFC assessment.

The ALJ also committed error by failing to clarify upon what basis he discounted plaintiff's subjective complaints of pain as part of his analysis of plaintiff's residual functional capacity. The ALJ wrote that that "[b]ecause it would be speculative, the undersigned declines to find with specificity the extent to which the claimant's productivity capacity is reduced by his physical impairments and pain." Tr. at 28–29. This statement is contrary to the ALJ's obligations because, as the Fourth Circuit noted in *Mascio*, "a claimant's pain and residual functional

capacity are not separate assessments to be compared with each other. Rather, an ALJ is required to consider a claimant's pain as part of his analysis of residual functional capacity." *Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir. 2015). In evaluating a claimant's subjective complaints of pain, the ALJ is not to require objective clinical evidence of the existence and intensity of such pain. Instead, once a claimant has "met [his] threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed," the claimant is then "entitled to rely exclusively on subjective evidence to prove the second part of the test, i.e., that [his] pain is so continuous and/or so severe as to prevent [him] from working a full eight hour day." *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006). Indeed, "[b]ecause pain is not readily susceptible of objective proof . . . *the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative.*" *Hines*, 453 F.3d at 564–65 (emphasis in original).

Plaintiff testified that he could not perform a sedentary job because he had to constantly change positions between sitting and standing due to pain. Tr. at 96. Additionally, as the Medical Expert testified, plaintiff's depression and pain could be expected to exacerbate each other, Tr. at 55, and thus would lead to a reduced capacity to work than the ALJ found. Although the ALJ discussed the medical evidence of plaintiff's physical limitations and why they did not support plaintiff's subjective complaints of pain, it is unclear to what extent the ALJ discounted plaintiff's complaints because of their lack of support in the record evidence or because it would be "subjective" to engage in such analysis. Such an ambiguity in the opinion frustrates meaningful review and would normally warrant remand for a new hearing.

However, because the VA rated plaintiff 100% disabled based upon mental limitations alone, because his treating psychiatrist opined that that he suffered a disabling mental disorder,

and because plaintiff's treatment records are consistent with significant mental health disorders and no medical expert opined that plaintiff did not suffer a significant mental health disorder, the record appears sufficiently clear and settled such that remand is not necessary.

Plaintiff's physical impairments limited him to a severely reduced range of sedentary work. Tr. at 23. This, as the regulations note, expresses an already significantly eroded occupational base. Properly taking into account plaintiff's mental limitations, as indicated by the VA rating of complete disability, the opinion of his treating psychiatrist, and the absence of any contradictory expert opinion, the only possible conclusion is that plaintiff's already significantly eroded occupational base would be further eroded to such an extent that he could no longer find substantially gainful work in the economy. As such, the only possible conclusion upon this record is that plaintiff is disabled within the meaning of the Act.

### *Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required, however, when the ALJ fails to

explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ has clearly explained the basis for his decision and there is no ambivalence in the record. The record properly supports a finding that plaintiff is disabled under the Act. Accordingly, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 19] is GRANTED and defendant's motion [DE 22] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this ___ day of August, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE